Filed 5/13/21  P. v. Wells CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>DARRIS WELLS, JR.,<br><br>　　　Defendant and Appellant. | B309739<br><br>(Los Angeles County<br>Super. Ct. No. TA079985) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## PROCEDURAL BACKGROUND AND DISCUSSION

On September 5, 2006, defendant pleaded guilty to attempted murder (Pen. Code,[1] § 664–187, subd. (a)), and admitted special allegations of discharge of a firearm (§ 12022.53, subd. (c)) and infliction of great bodily injury (§ 12022.7).[2]  The trial court sentenced defendant to 32 years, 20 of which constituted the firearm enhancement.

On August 11, 2020, defendant filed a motion to strike the firearm enhancement under the trial court's authority pursuant to section 12022.53, subdivision (h), which was enacted in 2017 through Senate Bill No. 620 (Stats. 2017, ch. 682, § 2.)  The trial court denied the motion on November 12, 2020, stating it had no jurisdiction because defendant's judgment already was final.  The court further stated that even if it had jurisdiction, it would not exercise its discretion to strike the enhancement.[3]  Defendant timely appealed.

We appointed counsel, who filed a brief identifying no issues and asking us to follow the procedures under

---

[1]  Further unspecified statutory citations are to the Penal Code.

[2]  Contrary to the reporter's transcript, the minute order indicates that defendant pleaded no contest to the attempted murder charge, and admitted to an enhancement under section 12022.53, subdivision (b), not subdivision (c).  We need not resolve this discrepancy for purposes of this appeal.

[3]  The trial court also conducted a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, and ordered the mitigation material submitted by defendant and a transcript of the proceedings forwarded to the Department of Corrections and Rehabilitation.

*People v. Serrano* (2012) 211 Cal.App.4th 496. We notified defendant that he could file a supplemental brief. He did not do so.

We thus have no independent duty to review the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034, review granted Oct. 14, 2020, S264278 ["[W]e reject the notion that the Constitution compels the adoption or extension of [*People v. Wende* (1979) 25 Cal.3d 436] procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel."].) We dismiss this appeal as abandoned. (*Cole*, at p. 1023, review granted.)

## DISPOSITION

The appeal is dismissed.
<u>NOT TO BE PUBLISHED.</u>


                                                    BENDIX, J.


We concur:



        ROTHSCHILD, P. J.            FEDERMAN, J.*

---

        *  Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.